The document below is hereby signed.

Signed: May 21, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PHILIP GEORGE BUTLER and | ) | Case No. 10-00317 |
| DESPY MAY BUTLER, | ) | (Chapter 13) |
| | ) | **Not for Publication in** |
| Debtors. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER GRANTING MOTION TO SEVER

The debtors have filed a motion to sever this joint chapter 13 case in apparent anticipation of a trustee's motion to dismiss based upon the debtors' failure to meet the debt limitations of § 109(e).  The debtors concede that their aggregate debt exceeds the debt limitations of § 109(e), and explain that if the cases are severed, Mrs. Butler will likely convert her case to a case under chapter 7, whereas Mr. Butler will likely remain a chapter 13 debtor.  As explained in more detail below, the court will grant the debtors' motion.

I

The filing of a joint bankruptcy petition gives rise to two separate estates, and those estates retain their separate identity unless and until the estates are consolidated.  *See* 11

U.S.C. § 302(b) ("After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated."); *In re Shjeflo,* 383 B.R. 192, 196 (Bankr. N.D. Okla. 2008) (rejecting argument that severance is impermissible because the filing of a joint case commences only one case); *In re Gale*, 177 B.R. 531, 534 (Bankr. E.D. Mich. 1995) ("Many courts have recognized that a voluntary joint petition entails two separate legal entities and, at least until consolidation is ordered, two separate estates."). Although filed as a joint case, the court has not consolidated the debtors' estates, and the debtors remain free to sever their cases to pursue the relief most suitable to each debtor individually.

By the debtors' own admission, they are not eligible to remain joint chapter 13 debtors, and if their cases are not severed to cure the ineligibility defect, it will likely be necessary to either dismiss or convert this joint chapter 13 case. To the extent Mrs. Butler wishes to convert her case to a case under Chapter 7 of the Bankruptcy Code, she ought not be barred from exercising her absolute right to convert her case. *See In re Seligman*, 417 B.R. 171 (Bankr. E.D.N.Y. 2009) (permitting severance to allow one joint debtor to convert to chapter 7); 11 U.S.C. § 1307 ("The debtor may convert a case under this chapter to a case under chapter 7 of this title at any

time."). *Cf. In re Tabor*, 232 B.R. 85 (Bankr. N.D. Ohio 1999) (appropriate to dismiss ineligible joint debtor whose debts exceeded the § 109(e) limits, while giving the remaining debtor the option to remain in chapter 13). As observed in *In re Seligman*, "[b]ecause Congress did not restrict the right of conversion under Section 1307(a) to a request made by both debtors in a joint chapter 13 case, Congress is presumed to have intended to allow either Chapter 13 debtor to seek to convert to Chapter 7, even if they commenced a joint case." *In re Seligman*, 417 B.R. at 174. Likewise, to the extent Mr. Butler independently meets the eligibility requirements of Chapter 13, he ought not be compelled to follow Mrs. Butler into Chapter 7 simply because the debtors initially sought relief jointly. See *In re Tabor*, 232 B.R. 85 (Bankr. N.D. Ohio 1999) (appropriate to dismiss ineligible joint debtor whose debts exceeded the § 109(e) limits, while giving the remaining debtor the option to remain in chapter 13).[1]

II

As other courts have observed, permitting severance of joint cases is not only consistent with the provisions of the Code, the Bankruptcy Fee Compendium expressly contemplates the severing of

---

[1] In disposing of this motion, the court assumes without deciding that Mr. Butler is eligible to be a chapter 13 debtor. As in any chapter 13 case, the chapter 13 trustee remains free to raise any appropriate challenges to Mr. Butler's eligibility.

joint cases, and sets forth a procedure for collecting the appropriate fee in such cases. Specifically, the fee compendium provides that "[w]hen a debtor moves the court to split a joint case, the clerk must charge a fee equal to the current filing fee for the chapter under which the joint case is pending," and the fee compendium specifically references the fee that is to be charged when the motion filed is a motion to "split" a joint chapter 13 case.[2] Consistent with the fee compendium, in the instant case, the clerk charged and the debtors paid a $235 fee upon the filing of the motion to sever. Upon conversion, Mrs. Butler will be required to pay an additional $25 fee to account for the $10 difference between the chapter 7 and chapter 13 filing fee, and the $15 chapter 7 trustee fee.

                                III

In accordance with the foregoing, it is

ORDERED that the debtors' motion to sever is GRANTED and the above-captioned jointly filed chapter 13 case is severed. It is further

ORDERED that the clerk shall remove the name of Despy May Butler from the caption of the court's electronic docket in this case, and shall henceforth treat this case as relating only to

---

[2] The fee compendium also notes that "no fee is due if the only reason for the split is to dismiss one of the two resulting individual cases, and the court actually dismisses one of the joint debtors." In the instant case, however, neither debtor seeks dismissal.

4

the debtor Philip George Butler.  It is further

ORDERED that upon entry of this order, the court shall assign a new case number to the case of Despy May Butler.  It is further

ORDERED that the petition date of Mr. and Mrs. Butler's individual cases shall be the same date as the petition date in the original joint chapter 13 case.

[Signed and dated above.]

Copies to: Debtors; Debtors' attorney; Chapter 13 Trustee.